IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JONATHAN RAY REVELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:06-CV-179-WKW |
| ) | [WO] |
| ) | |
| JAY JONES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Jonathan Ray Revells ["Revells"], a county inmate, challenges actions taken against him during his confinement in the Lee County Detention Facility. The plaintiff seeks a declaratory judgment and monetary damages for the alleged violations of his constitutional rights.

Pursuant to the orders of this court, the defendants filed written reports and supporting evidentiary materials addressing the claims for relief raised in the complaint. In their reports, the defendants assert that this case is due to be dismissed because Revells has failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, the defendants maintain and the undisputed evidentiary materials demonstrate that with respect to the claims presented in the instant complaint Revells has failed to pursue the administrative remedies available to him in the Lee County Detention Facility via the jail's inmate grievance procedure. *Defendant's Special Report - Court Doc. No. 6* at 10-11; *Defendants' Second Special Report - Court Doc. No. 15* at 8-9. In accordance

with the order entered on May 24, 2006 (Court Doc. No. 17), the court deems it appropriate to treat the defendants' special reports as a motion for summary judgment.

This case is now pending before the court on the defendants' motion for summary judgment. Upon consideration of such motion and the evidentiary materials filed in support thereof, the court concludes that the defendants' motion for summary judgment is due to be granted and this case dismissed without prejudice as the plaintiff has failed to exhaust available administrative remedies.

## DISCUSSION

Revells alleges that the defendants failed to provide adequate medical treatment to him for an injury to his finger. *Plaintiff's Complaint* at 2-3. He further argues that the defendants denied him "access to [a] toilet from 10:30 pm to 4:00 am" for approximately three months. *Id*. at 3. In response to the claims presented in the complaint, the defendants argue that this case should be dismissed because Revells has failed to exhaust his administrative remedies as directed by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*,

532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Moreover, exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander* v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998).

The record in this case establishes that the Lee County Detention Facility provides a grievance procedure for inmate complaints. The undisputed evidentiary materials submitted by the defendants demonstrate that Revells failed to file inmate grievances challenging the actions about which he complains in the instant complaint. The court therefore concludes that the claims for relief presented in this cause of action are subject to dismissal as the plaintiff has not yet exhausted an available administrative remedy.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be granted to the extent that the defendants seek dismissal of this case for Revells' failure to exhaust an available administrative remedy.

2. This case be dismissed without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to exhaust an available administrative remedy.[1]

---

[1] The parties are advised that this Recommendation does not in any way address the merits of the plaintiff's claims for relief. Consequently, this dismissal has no impact on the plaintiff's ability to pursue his claims in this court upon his exhaustion of all available administrative remedies or at the time he no longer

It is further

ORDERED that **on or before June 28, 2006** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Revells Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of June, 2006.

                                            /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE

---

has an administrative remedy available to him.